### PETITION OF JAMES I. BOWLER.

#### NEWPORT—OCTOBER 1, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The administration of the affairs of an insolvent is placed wholly in the Court of Insolvency, from the time of the filing of the petition till the question of the debtor's discharge has been determined.

A suit, pending at the time of filing the petition, or subsequently brought, may properly proceed to judgment when the claim is unliquidated, for the purpose of ascertaining the amount to which the plaintiff is entitled.

Execution on such judgment must, however, be stayed until the determination of the question of the debtor's discharge.

PETITION for writ of *habeas corpus*. While proceedings in insolvency were pending against the petitioner, an action in tort against him was begun, and prosecuted to judgment and execution before the determination of the question of his discharge. Being committed on the execution, he filed this petition.

MATTESON, C. J. We think that the scheme of Gen. Laws R. I. cap. 274, "Of Proceedings in Insolvency," is to place the administration of the affairs of an insolvent wholly in the Court in Insolvency, from the time of the filing of the petition till the question of the debtor's discharge has been determined. To this end, from the publication of notice to creditors on the petition, the disposition and control of his property is taken from the debtor, and the property placed in the custody of the law. Provision is made for proof of debts and claims against the debtor, whether arising in contract or tort, and for the stay of all pending suits and proceedings against the debtor till he has been adjudged insolvent, or

the petition dismissed, and, if an adjudication of insolvency results, for a stay of execution till the determination of the question of discharge.

It will be observed that the statute, § 25, provides for a stay of execution in case the debtor is adjudged insolvent. A suit, therefore, whether pending at the time of the filing of the petition or subsequently brought, as was the case in the present instance, may properly proceed to judgment when the claim is unliquidated, for the purpose of ascertaining the amount to which the plaintiff is entitled. But execution on the judgment must be stayed until the determination of the question of the debtor's discharge.

We think, therefore, that, though the suit referred to in the petition may have properly proceeded to judgment for the determination of the amount of the claim, the action being for tort, and the damages unliquidated, that the execution should have been stayed until the petition in insolvency had been dismissed, or, if sustained, as it has since been, until the determination of the petitioner's right to a discharge. We are of the opinion that the issuing of the execution was illegal, and that the petitioner is entitled to be discharged from his commitment thereon.

*Charles Acton Ives*, for petitioner.
*Samuel R. Honey*, for respondent.